## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NOEL VINCENT THOMAS,

     Plaintiff,

v.                                Case No.: 25-cv-2966-WFJ-LSG

UNITED STATES POSTAL
SERVICE; WALMART, INC.; NDC
ASSET MANAGEMENT, LLC;
JAMES ALLEN; ANNIE CASTRO,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff Noel Vincent Thomas sues the defendants for "fraud, negligence, conspiracy, race discrimination, and [b]reach of contract/[n]uisance" under 42 U.S.C. § 3604(b) and 42 U.S.C. § 3617. Doc. 1 at 1-2. Thomas moves under 28 U.S.C. § 1915 for leave to proceed without pre-paying the filing fee. Doc. 2. For the reasons explained below, I recommend dismissing the complaint without leave to amend because an amendment would be futile.

### I.    BACKGROUND

Thomas is a retired United States military veteran who lives in low-income housing in Tampa, Florida. Doc. 1 at 2. The defendant NDC Asset Management, LLC, manages the property where Thomas lives and employs both James Allen and Annie Castro. Doc. 1 at 2.

1

Thomas alleges that NDC has a years' long record of violating housing laws by failing to maintain the property and allowing squatters and vagrants to loiter in the property's restricted areas. Doc. 1 at 3. Despite Thomas's repeatedly communicating about unsafe, unclean, and unsecure conditions, NDC failed to remediate the problems. Doc. 1 at 3-4. For example, on December 26, 2022, Thomas notified NDC of a leaking faucet, and NDC responded by saying that "the plumbers were on the way[.]" Doc. 1 at 5. Although the plumber eventually arrived four days later, the problem was not resolved. Doc. 1 at 5. A few months later, Thomas reported an attempted burglary of his home, and he attributed the incident to NDC's failing to repair a gate securing the property's restricted area. Doc. 1 at 5. Thomas documented additional incidents jeopardizing the safety and security of his home, which incidents he reported to NDC. Doc. 1 at 5-6. Thomas describes additional interactions with NDC over water leaking into his home from an upstairs apartment. Doc. 1 at 17-20. According to Thomas, the response by NDC to his complaints was both inadequate and retaliatory. Doc. 1 at 6-7.

On August 10, 2024, Thomas awaited the delivery of a package from Walmart by the United States Postal Service. Doc. 1 at 7. Thomas received an e-mail confirming the package's delivery. Doc. 1 at 7-8. However, when he arrived home to retrieve the package, he found nothing and contacted Walmart, which failed to issue an immediate refund. Doc. 1 at 8. Thomas contacted Castro and requested that she review the property's video surveillance and report the matter to law enforcement, but Castro refused. Doc. 1 at 8. Thomas continued to raise the issue with NDC and

2

Allen, and Thomas filed a police report. Doc. 1 at 8-9. However, neither law enforcement nor the Postal Service nor NDC assisted with Thomas's effort to identify the culprit and to locate the package. Doc. 1 at 9-15. Based on this and other information, Thomas concluded that the defendants were conspiring to conceal a crime. Doc. 1 at 9, 15-16.

On February 4, 2025, Thomas sued Allen, Castro, and NDC in Hillsborough County Circuit Court and alleged fraud, negligence, and conspiracy based on the alleged housing violations and package theft. Doc. 1 at 20 (citing *Thomas v. NDC Asset Management, LLC, et al.*, No. 25-CA-1527 (Fla. 13th Cir. Ct. 2025)).[1] An August 20, 2025, order dismisses the case without prejudice, and Thomas appealed. *Thomas v. NDC Asset Management, LLC, et al.*, No. 2D2025-2282 (Fla. 2d DCA 2025). That appeal remains pending. Thomas alleges that the Postal Service purposefully interfered with his certified mailing of the summons and complaint "in the cover up of the criminality that occurred on August 10, 2024." Doc. 1 at 20-22.

On August 28, 2025, Thomas sued the Postal Service, Walmart, NDC, Allen, and Castro in the United States District Court for the District of Columbia, which transferred the case to Tampa. Docs. 1, 3. Thomas asserts common law claims of fraud, conspiracy, negligence, and "nuisance/breach of contract." Doc. 1 at 22-37. Thomas also alleges race discrimination. Doc. 1 at 33-35. Thomas demands

---

[1] Judicial notice of Thomas's state court cases is appropriate here. *See Mathieson v. Wells Fargo Bank, NA*, No. 8:20-cv-2728-WFJ-SPF, 2021 WL 877698, at *5 n.10 (M.D. Fla. Mar. 9, 2021) (citing *Ates v. Fla.*, 794 F. App'x 929, 930 (11th Cir. 2020) (affirming district court's judicial notice of electronic state court docket)); *see also* FED. R. EVID. 201(b), (b)(2).

compensatory damages of at least $400,000, punitive damages, costs, and injunctive relief. Doc. 1 at 37.

## II.   DISCUSSION

### a.  Standard of review.

A litigant can sue in federal court without prepaying the filing fee if the person submits an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). After reviewing the affidavit to determine the economic status of the litigant, the court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)-(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, dismissal may occur before service

4

of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

Although *pro se* pleadings receive a liberal construction, a *pro se* plaintiff must nonetheless satisfy the pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Finally, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### b. By filing this action against NDC, Allen, and Castro while his state court action remains pending, Thomas engages in improper claim splitting as to those defendants.

"[A] plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). Rather, a plaintiff must assert in one lawsuit all causes of action arising from a common set of facts. *Id.* at 841-42. To do otherwise results in "claim splitting," which wastes "scarce judicial resources" and undermines "the efficient and comprehensive disposition of cases." *Id.* (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). Thus, the rule against claim splitting promotes judicial economy and shields parties from vexatious, duplicative litigation. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021) (quoting *Vanover*, 857 F.3d at 843). The claim-splitting doctrine applies if (1) a second lawsuit has been filed before the first has reached a final judgment, (2) the cases involve the same parties and their privies, and (3) the cases arise from the same transaction or series of

5

transactions. *Id.*

Here, Thomas sued NDC, Allen, and Castro in state court on February 24, 2025. *See Thomas v. NDC Asset Management, LLC, et al.*, No. 25-CA-1527 (Fla. 13th Cir. Ct. 2025). The state court complaint alleges essentially the same facts as to NDC, Allen, and Castro as the complaint here. The state court complaint omits Walmart and the Postal Service as defendants and includes no race discrimination claim. But otherwise, the state court case describes the same transaction or series of transactions. *Vanover*, 857 F.3d at 842-43 (explaining that a new action must raise new and independent claims based on new facts and that the addition of separate causes of action does not avoid the claim-splitting doctrine). The state case has not reached a final judgment but rather remains pending on Thomas's appeal of a non-final order to the Second District Court of Appeal. *See Thomas v. NDC Asset Management, LLC, et al.*, No. 2D2025-2282 (Fla. 2d DCA 2025). Accordingly, by filing this action against NDC, Allen, and Castro while the state action remains pending, Thomas engages in improper claim splitting, which requires dismissal of his claims against NDC, Allen, and Castro.

### c. The United States Postal Service enjoys sovereign immunity.

"The Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). Although the Postal Reorganization Act grants the Postal Service the power "to sue and be sued in its official name," 39 U.S.C. § 401(1), the statute incorporates the provisions of the Federal Tort Claims Act for "tort claims arising out of activities of the Postal

Service." 39 U.S.C. § 409(c); *Dolan*, 546 U.S. at 484; *Ins. Co. of N. Am. v. U.S. Postal Serv.*, 675 F.2d 756, 758 (5th Cir. 1982). The FTCA waives sovereign immunity for negligence by a federal employee that occurs within the scope of employment. 28 U.S.C. § 1346(b)(1). However, the FTCA has thirteen exceptions to the waiver of sovereign immunity, and those include any claim "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Dolan*, 546 U.S. at 485. Therefore, a claim related to the mishandling of mail "fits squarely within the retention of sovereign immunity under Section 2680(b)." *Taylor v. United States Postal Serv.*, No. 3:25-CV-255-TJC-PDB, 2025 WL 2624475, at *1 (M.D. Fla. Sept. 11, 2025); *Dolan*, 546 U.S. at 489 ("Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.").

Here, because Thomas's complaint fails to comport with the pleading requirements (as described later in this report), discerning which claims apply to the Postal Service is difficult. However, the allegations pertinent to the Postal Service clearly arise out of the "loss, miscarriage, or negligent transmission" of mail. Thomas's allegations against the Postal Service begin with the loss of his package from Walmart on August 10, 2024. Doc. 1 at 7. Thomas alleges a subsequent conspiracy by the Postal Service and others to conceal the perpetrator of the package theft. Doc. 1 at 8-15. Additionally, Thomas alleges that the Postal Service mishandled the complaint and summons that he attempted to serve by certified mail

7

in connection with his state court action. Doc. 1 at 20-22. These allegations fall within Section 2680(b) and therefore outside of FTCA's waiver of sovereign immunity. *See James v. Jacksonville Bulk Mail Ctr.*, No. 3:06-cv-1120-J-34-JRK, 2009 WL 2901197, at *5 (M.D. Fla. Sept. 4, 2009) ("The 'loss' of postal matter even includes situations in which postal matter is stolen by a federal employee."); *Dolan*, 546 U.S. at 489. Thus, Thomas's action against the Postal Service cannot proceed.

### d. The complaint fails to comport with the pleading requirements and contains no claim supporting federal jurisdiction.

Rule 8(a)(2), Federal Rules of Civil Procedure, requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). A complaint that fails to satisfy the requirements of Rules 8(a)(2) often amounts to a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Ofc.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. This occurs when the complaint:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019); *Weiland*, 792 F.3d at 1322-23.

Thomas's complaint falls within the second and fourth categories of shotgun

8

pleadings. Although organized into individual paragraphs, the complaint's allegations are neither simple nor concise nor direct. Rather, each paragraph contains a lengthy narrative that Thomas then repeats in each substantive count. The complaint contains allegations against "the defendants" collectively, even though those allegations could not plausibly apply to every defendant. For example, count one alleges that "[t]he Defendants refused to properly respond or resolve Plaintiff's reported maintenance issues in a timely manner, thereby violating laws by receiving government funds from Tampa Housing Authority[.]" Doc. 1 at 22-23. This allegation is implausible as to Walmart and the Postal Service, because neither is responsible for the plaintiff's "reported maintenance issues."

Similarly, every other count focuses predominantly on the actions of NDC, Allen, and Castro and the condition of the plaintiff's property. Count two alleges a conspiracy, but the object of and participants in the conspiracy are unclear. On the one hand, count two alleges that "Annie Castro and James Allen worke[d] together for years to avoid making the necessary maintenance and repairs and provide a safe and secure environment for the residents at Manchester apartment complex." Doc. 1 at 26. This allegation suggests a conspiracy to violate the Fair Housing Act. However, a few paragraphs later, count two alleges that, after Thomas contacted Walmart about the missing package, "Walmart . . . in turn notified and conspired with the U.S. Postal Service" to conceal the package's theft by the mail carrier. Doc. 1 at 27, 29. This allegation suggests a separate conspiracy to conceal a crime. Pleading both circumstances in the same count creates confusion and prevents a

clear understanding of the claim and its basis.

More importantly, because the claim-splitting doctrine precludes Thomas's pursuing his Fair Housing Act claims against NDC, Allen, and Castro in this forum and because the Postal Service is immune from claims involving the loss, miscarriage, or negligent transmission of the mail, Thomas has no claim supporting subject matter jurisdiction. Thomas's claim for a civil conspiracy against Walmart arises under state law. *See Cohen v. McGuire*, No. 3:15-CV-133-J-34JRK, 2016 WL 3188889, at *9 (M.D. Fla. June 8, 2016) ("'The elements of a civil conspiracy are: [(1)] a conspiracy between two or more parties, [(2)] to do an unlawful act or a lawful act by unlawful means, [(3)] the doing of some overt act in pursuance of the conspiracy, and [(4)] damage to plaintiff as a result of the act performed pursuant to the conspiracy.'") (quoting *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. 5th DCA 2006)). To establish original jurisdiction over this claim in federal court, Thomas must satisfy 28 U.S.C. § 1332, which requires diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. Thomas and Walmart are likely citizens of different states—Thomas appears to be a Florida citizen, and Walmart is incorporated in Delaware and has a principal place of business in Bentonville, Arkansas. However, the damages resulting from the theft an item ordered from Walmart cannot plausibly exceed the jurisdictional amount.[2]

---

[2] Thomas is aware of the necessity of pleading jurisdiction. Thomas sued Wal-Mart, Inc. in a separate, subsequent action in this district and, after an opportunity to amend his complaint, a November 3, 2025, order dismisses without prejudice that action because of Thomas' failure to

Accordingly, even if given an opportunity to amend his complaint as to Walmart to comply with Rule 8(a)(2), Thomas lacks a basis for federal jurisdiction.

### e. Leave to amend should be denied.

A district court typically must provide a *pro se* plaintiff with notice of the intent to dismiss and an opportunity to respond. *See Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire*, 2021 WL 3238806, at *1; *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties."). Based on the claim-splitting doctrine, the Postal Service's sovereign immunity, and the absence of a claim supporting subject-matter jurisdiction under any construction of the facts, further amendment would be futile. Thus, I recommend dismissing the complaint without leave to amend.

---

amend his complaint to plead the parties' citizenship. *Thomas v. Wal-Mart Inc.*, No. 8:25-cv-02743-KKM-CPT (M.D. Fla. Nov. 3, 2025), Doc. 4.

## III.   CONCLUSION

Accordingly, for the reasons described above, I recommend denying Thomas's motion for leave to proceed *in forma pauperis*, Doc. 2; dismissing the complaint, Doc. 1, without leave to amend; terminating any pending motion, and closing the case.

**REPORTED** in Tampa, Florida, on this 17th day of February, 2026.

LINDSAY S. GRIFFIN
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the report and recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.