UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NOEL VINCENT THOMAS**,

    Plaintiff,

v.                                                                                      Case No: 825-cv-02966-WFJ-LSG

**UNITED STATES POSTAL SERVICE;**
**WALMART, INC.;**
**NDC ASSET MANAGEMENT, LLC;**
**JAMES ALLEN;** and
**ANNIE CASTRO**,

    Defendants.

_____/

## **ORDER**

Before the Court is the United States Magistrate Judge Lindsay S. Griffin's Report and Recommendation that Plaintiff Noel Vincent Thomas' motion to proceed *in forma pauperis* (Dkt. 2) be denied, and Plaintiff's *pro se* Complaint (Dkt. 1) be dismissed without leave to amend. Dkt. 8. The time for filing objections has passed.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the district court may accept, reject, or modify the magistrate judge's report and recommendation. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).

Here, Plaintiff claims that the Magistrate Judge "failed to point out one single defect in the complaint." Dkt. 10 at 2. On the contrary, the Magistrate Judge—in a thorough and well-reasoned Report and Recommendation—found several fundamental flaws with Plaintiff's Complaint.

First, because Plaintiff filed this action against Defendants NDC, Allen, and Castro while an underlying state action remains pending,[1] Plaintiff engaged in improper claim splitting, which requires dismissal of his claims against NDC, Allen, and Castro. Dkt. 8 at 5–6. As the Magistrate correctly noted, "[t]he state court complaint alleges essentially the same facts as to NDC, Allen, and Castro as the complaint here [in federal court]," and "[t]he state case has not reached a final judgment but rather remains pending on Thomas's appeal of a nonfinal order to the Second District Court of Appeal." *Id.* at 6. As such, Plaintiff is improperly "claim splitting" by filing "duplicative complaints in order to expand [his] legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841–42 (11th Cir. 2017) (citation modified). This he cannot do.

---

[1] *See Thomas v. NDC Asset Management, LLC, et al.*, No. 25-CA-1527 (Fla. 13th Cir. Ct. 2025). Judicial notice of Plaintiff's state court cases is appropriate here. *See Mathieson v. Wells Fargo Bank, NA*, No. 8:20-cv-2728-WFJ-SPF, 2021 WL 877698, at *5 n.10 (M.D. Fla. Mar. 9, 2021) (citing *Ates v. Fla.*, 794 F. App'x 929, 930 (11th Cir. 2020) (affirming district court's judicial notice of electronic state court docket)); *see also* Fed. R. Evid. 201(b), (b)(2).

Second, it is clear on the face of the Complaint that the United States Postal Service enjoys sovereign immunity. "The Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). And, as the Magistrate Judge properly explained, the allegations in the Complaint referencing the loss, miscarriage, or negligent transmission of Plaintiff's package, Dkt. 1 at 7–8, "fall within [28 U.S.C. §] 2680(b) and therefore outside of FTCA's waiver of sovereign immunity." Dkt. 8 at 8 (citing *James v. Jacksonville Bulk Mail Ctr.*, No. 3:06-cv-1120-J-34-JRK, 2009 WL 2901197, at *5 (M.D. Fla. Sept. 4, 2009)); *see also Dolan*, 546 U.S. at 485 (citing 28 U.S.C. § 2680(b)) (explaining that FTCA has thirteen exceptions to the waiver of sovereign immunity, and those include any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter). Plaintiff argues that since he never used the words "loss, miscarriage, or negligent transmission" in his Complaint, 28 U.S.C. § 2680(b) does not apply to his claims against the USPS. Dkt. 10 at 5. The Court disagrees. While Plaintiff is correct that he does not use such language, the allegations in the Complaint plainly refer to a stolen package that the USPS supposedly stole or delivered to the wrong address. Dkt. 1 at 10. Thus, these allegations clearly fall within the exception in § 2680(b) of the FTCA.

Third, the Complaint fails to comply with the Federal Rules of Civil Procedure. A complaint that fails to satisfy the requirements of Rules 8(a)(2) often

amounts to a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Ofc.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (outlining the four categories of shotgun pleadings). The Magistrate Judge aptly observed that "Thomas's complaint falls within the second and fourth categories of shotgun pleadings," as "each paragraph contains a lengthy narrative that Thomas then repeats in each substantive count," and "[t]he complaint contains allegations against 'the defendants' collectively, even though those allegations could not plausibly apply to every defendant." Dkt. 8 at 8–9 (citing Dkt. 1 at 22–23). The Magistrate Judge also took particular concern with Plaintiff's conspiracy count, which confusingly pleads two discrete and unrelated circumstances: alleged violations of the Fair Housing Act and a stolen package. *Id.* at 9–10 (citing Dkt. 1 at 26–29). Contrary to Plaintiff's argument that these are "useless procedural issues," Dkt. 10 at 2, the Court shares these concerns raised by the Magistrate Judge and agrees that such deficiencies require dismissal of the Complaint as a shotgun pleading.

Fourth, and perhaps most importantly, the Magistrate Judge noted that "because the claim-splitting doctrine precludes Thomas's pursuing his Fair Housing Act claims against NDC, Allen, and Castro in this forum and because the Postal Service is immune from claims involving the loss, miscarriage, or negligent transmission of the mail, Thomas has no claim supporting subject matter jurisdiction." Dkt. 8 at 10. Plaintiff must plead allegations that show there is diversity

jurisdiction under 28 U.S.C. § 1332, which he has failed to do. Indeed, the damages resulting from the theft of an item ordered from Walmart cannot plausibly exceed the jurisdictional amount of $75,000. *Id.*; *see* Dkt. 1 at 7–8.

The Eleventh Circuit is clear that this Court must give a *pro se* plaintiff, like Plaintiff Thomas, "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). However, "[a]n exception to this requirement exists . . . when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021). The Court agrees with the Magistrate Judge's conclusion that "[b]ased on the claim-splitting doctrine, the Postal Service's sovereign immunity, and the absence of a claim supporting subject matter jurisdiction under any construction of the facts, further amendment would be futile." Dkt. 8 at 11. Therefore, the Court dismisses the Complaint without leave to amend.

## CONCLUSION

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation, Dkt. 8, is **ADOPTED, CONFIRMED, and APPROVED** in all respects and made a part of this Order.

2. Plaintiff's Complaint, Dkt. 1, is **DISMISSED without prejudice** and **DISMISSED without leave to amend**.

3. Plaintiff's motion to proceed *in forma pauperis*, Dkt. 2, is **DENIED**.

4. The Clerk is directed to **TERMINATE** any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on March 5, 2026.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Plaintiff, *pro se*